UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CV-80565-KAM/WM

COMPETITIVE MEDICAL SOLUTIONS, INC.,
a Wyoming Corporation;

    Plaintiff,

v.

ACC-Q-DATA, INC., a Florida Corporation;
ACC-Q-DATA NETWORK, LLC, a Florida Corporation;
LISA LAKE, individually;
SHAH RAJIV, individually;
MAVEN HEALTHCARE CONSULTING INC., a New York Corporation;
ASHTON ABRAHIM a/k/a ASHTON ABRAHIM, individually;
and Does 1-100,

    Defendant.
_____/

### DEFENDANTS ACC-Q-DATA NETWORK, LLC. AND SHAH RAJIV'S MOTION TO DISMISS PLAINITIFF'S AMENDED COMPLAINT

Defendants, ACC-Q-DATA NETWORK, LLC. and SHAH RAJIV, by and through their counsel, Tracy Ann Nemerofsky, hereby submits this Motion to Dismiss Plaintiff COMPETITIVE MEDICAL SOLUTIONS, INC.'s, (CMS) Amended Complaint. For all the reasons set forth herein, the defendants respectfully submit the Plaintiff's Complaint must be dismissed and in support hereof, states as follows:

### I.   INTRODUCTION

As detailed in the Complaint, Plaintiff entered into a written contract with ACC-Q-DATA, INC. (AQD) on or about June 11, 2012[1]. Complaint ¶17. Neither Defendant was a party to the contract nor was either Defendant associated with AQD. Defendant ACC-Q-DATA NETWORK, LLC. was not incorporated until January, 2016. Defendant SHAH

---

[1] AQD signed the contract on June 1st, 2012 and the reprehensive for CMS signed on June 11th, 2012.

RAJIV is managing member of ACC-Q-Data Florida, LLC. (not a party to this suit), whom successfully bid for the assets of AQD in Federal Bankruptcy Court in December, 2014.

## II. LEGAL STANDARD FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bracewell v. Nicholson Air Servs., Inc. 680 F.2d 103, 104 (11th Cir. 1982). In reviewing a motion to dismiss, the courts are required to view the complaint in the light most favorable to the plaintiff. Colodny v. Iverson, Yoakum, Papiano & Hatch, 838 F. Supp. 572, 573 (M.D. Fla. 1993) (citing Scheuer v. Rhodes, 416 U.S. 232 (1974)).

However, only those allegations that are "well pleaded" need be taken as true by the Court upon ruling on a motion to dismiss. Showers v. City Bartow, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing Gonzalez v. McNary, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. Fernandez-Montez v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. Id. (citing Blumel v. Mylander, 919 F. Supp. 423, 425 (M.D. Fla. 1996)). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. The Court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party. Campos v. I.N.S., 32 F. Supp. 2d

1337, 1343 (S.D. Fla. 1998); Ellen S. v. The Florida Bd. of Bar Examiners, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994); Olpin v. Ideal Nat'l Ins. Co., 419 F.2d 1250, 1255 (10th Cir. 1969).

### III.   STATEMENT OF MATERIAL UNDISPUTED FACTS

As detailed in the Complaint, Plaintiff entered into a written contract with ACC-Q-DATA, INC. (AQD) on or about June 11, 2012[2]. Complaint ¶17.

Neither Defendant was a party to the contract nor was either Defendant associated with AQD at the time of contracting.

AQD was dissolved through bankruptcy in December, 2014.

Defendant SHAH RAJIV is managing member of ACC-Q-Data Florida, LLC. (not a party to this suit), whom successfully bid for the assets of AQD in Federal Bankruptcy Court in December, 2014.

Defendant ACC-Q-DATA NETWORK, LLC. was not incorporated until January, 2016.

### IV.   CLAIM OF BREACH OF CONTRACT UNDER FLORIDA COMMON LAW FAILS BECAUSE NEITHER DEFENDANT WAS A PARTY TO THE CONTRACT

It is undisputed neither Defendant was a party to the contract between CMS and ADQ. In an attempt to overcome this fatal flaw, Plaintiff simply states in the Complaint "DATA Network is the successor corporation to AQD." Complaint ¶10. While the allegations are taken in the light most favorable to Plaintiff, this sole statement is conclusory and there is simply no factual basis within the Complaint to support the claim. The vast majority of jurisdictions follow the traditional corporate law rule which does not impose the liabilities of the selling predecessor upon the buying successor company unless (1) the successor expressly or impliedly assumes obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of

---

[2] AQD signed the contract on June 1st, 2012 and the reprehensive for CMS signed on June 11th, 2012.

the predecessor. Bernard v. Kee Mfg. Co. Inc., 409 So. 2d 1047, 1049 (Fla. 1982). Here, Plaintiff provides no support at all for the allegation that DATA Network is a successor corporation. On the contrary, it is clear from the record the assets of AQD were purchased by ACC-Q-Data Florida, LLC. (not a party to this suit). Case 14-30060-PGH DE 64. As stated in the Order ". . . the Sale is an arm's length transaction, in that the Purchaser is not an insider of the Debtor and *has no affiliation or other relationship* with the Debtor, the Purchaser is entitled to the protections of § 363(m) of the Bankruptcy Code." Id. at ¶8 (emphasis added). Further, the Order includes "assets to the Purchaser shall be a legal, valid and effective transfer of the Assets to the Successful Bidder, and shall vest in Purchaser all right, title and interest in the Assets in accordance with the terms and conditions of the Asset Purchase Agreement, *free and clear of all liens, claims and encumbrances*" Id. at ¶7 (emphasis added).

Plaintiff provides no evidence in support of the allegation it is the successor corporation to AQD. Defendant SHAH RAJIV is managing member of ACC-Q-Data Florida, LLC. (not a party to this suit), whom purchased the assets in a bankruptcy auction and as stated in the Order had *no affiliation or other relationship* with AQD prior to the sale. DATA Network did not exist at the time of the sale. To support a case of action against Defendant SHAH RAJIV personally for the actions of the ACC-Q-Data Florida, LLC. Plaintiff must pierce the corporate veil. Piercing the corporate veil "requires improper action on the part of the corporation or its members before the corporate veil may be pierced". Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114, 1118 (Fla. 1984). Plaintiff fails to allege any facts of improper action of either ACC-Q-Data Florida, LLC. or its member Defendant SHAH RAJIV.

Without such support, no basis exists to find either Defendant to be a party to the contract between CMS and AQD and as such unable to breach. Therefore, this claim should be dismissed with prejudice.

## V. CLAIM OF BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING FAILS BECAUSE NEITHER DEFENDANT WAS A PARTY TO THE CONTRACT

Case law is murky on implied covenants in Florida contract law. The Florida District Courts of Appeal have held unequivocally the rights conferred by the implied covenant of good faith and fair dealing are limited. The Florida appellate courts have held an action for breach of the implied covenant of good faith cannot be maintained in the absence of breach of an express contract provision. Hospital Corp. of America v. Florida Med. Ctr., Inc., 710 So. 2d 573, 575 (Fla.Dist.Ct.App.1998); Burger King Corp. v. Weaver, 169 F.3d 1310, 1316 (11th Cir. 1999). Nowhere in the Complaint does Plaintiff argue an express provision of the contact was violated. As noted in the Complaint, Plaintiff states AQD had an implied duty of good faith and fair dealing, not Defendants. Complaint ¶46.

As argued above, Defendants were not a party to the contract nor a successor corporation. The Complaint provides no factual basis for the assertion of Defendants liability. Without such support, no basis exists to find either Defendant to be a party to the contract between CMS and AQD and as such unable to unfairly deal. Therefore, this claim should be dismissed with prejudice.

## VI. CLAIM OF UNJUST ENRICHMENT FAILS BECAUSE NEITHER DEFENDANT WAS A PARTY TO THE CONTRACT AND THERE ARE NO FACTS TO SUPPORT THE ALLEGATION OF ENRICHMENT

As noted in the Complaint, AQD received a percentage of monies paid to CMS by providers. In Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999), the Eleventh Circuit recognized Florida's three-prong test for unjust enrichment: (1) the plaintiff has

conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. The Complaint restates these rule statements without adding any factual support. Complaint ¶¶58–61. If CMS is claiming damages because they were paid too little, AQD would have received less money on a percentage basis thereby also hurting themselves, so it is logically unclear what benefit ADQ received that should be returned to CMS. Complaint ¶57.

That withstanding, as argued previously, Defendants were not a party to the contract nor a successor corporation. The Complaint provides no factual basis for the assertion of Defendants liability. Without such support, no basis exists to find either Defendant to be a party to the contract between CMS and AQD and as such unable to be unjustly enriched by events that occurred prior to the bankruptcy. Therefore, this claim should be dismissed with prejudice.

## VII. CLAIM OF NEGLIGENT MISREPRESENTATION BECAUSE PLAINTIFF FAILS TO ATTRIBUTE ANY FALSE STATEMENTS TO DEFENDANTS

To prevail on Plaintiff's claim of negligent misrepresentation, CMS must show: (1) a misrepresentation of a material fact; (2) the representor made the representation without knowledge as to its truth or falsity, or under circumstances in which he ought to have known of its falsity; (3) the representor intended that the misrepresentation induce another to act on it; and (4) injury must result to the party acting in justifiable reliance on the misrepresentation. Souran v. Travelers Ins. Co., 982 F.2d 1497, 1503 (11th Cir. 1993).

Plaintiff does not allege any facts where Plaintiff relied on a false statement, but rather states third parties relied on the statement. Complaint ¶¶68–71. To the contrary, Plaintiff admits to learning of the false statement after the alleged actions. Complaint ¶29. Further, there are no facts showing damage, other than a conclusory statement. Complaint ¶74. As the Souran Court

noted, the injury must result to the "party acting". Plaintiff never acted on the alleged false statement. Further, the Complaint does not allege the Defendants made any false statements.

That withstanding, as argued repeatedly, Defendants were not a party to the contract nor a successor corporation. The Complaint provides no factual basis for the assertion of Defendants liability. Without such support, no basis exists to find either Defendant to be a party to the contract between CMS and AQD and as such could not have made any negligent misrepresentations. Therefore, this claim should be dismissed with prejudice.

### VIII.   CLAIM OF INTENTIONAL MISREPRESENTATION BECAUSE PLAINTIFF FAILS TO ATTRIBUTE ANY FALSE STATEMENTS TO DEFENDANTS

To prevail on Plaintiff's claim of intentional misrepresentation, CMS must show: (1) a false statement of fact; (2) known by the defendant to be false at the time it was made and (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representations; and (5) resulting damage to the plaintiff. Hasenfus v. Secord, 962 F.2d 1556, 1561 (11th Cir. 1992).

Plaintiff does not allege any facts where Plaintiff relied on a false statement, but rather states third parties relied on the statement. Complaint ¶¶68–71. To the contrary, Plaintiff admits to learning of the false statement after the alleged actions. Complaint ¶29. Further, there are no facts showing damage to Plaintiff, other than a conclusory statement. Complaint ¶74. The Complaint does not allege the Defendants made any false statements.

That withstanding, as argued repeatedly, Defendants were not a party to the contract nor a successor corporation. The Complaint provides no factual basis for the assertion of Defendants liability. Without such support, no basis exists to find either Defendant to be a party to the contract between CMS and AQD and as such could not have made any negligent misrepresentations. Therefore, this claim should be dismissed with prejudice.

## IX.     COUNT 6: NEGLIGENCE

The Complaint provides no factual basis for the assertion of Defendants liability for negligence. Without such support, no basis exists to find either Defendant to be a party to the contract between CMS and AQD and as such could not have acted negligently in reference to CMS. Therefore, this claim should be dismissed with prejudice.

## X.     COUNT 7: NEGLIGENT SUPERVISION

Under Florida law, the underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort which is recognized under common law. Scelta v. Delicatessen Support Servs., 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999). The Complaint fails to state any torts committed by Defendants. Further, other than stating "CMS has been damaged" in an amount to be determined Plaintiff fails to state an injury. Finally, Plaintiff fails to establish the employees in question were ever employed by Defendants. Nonetheless, the supervision in question occurred well before the purchase of the assets of AQD out of the bankruptcy proceedings by SHAH RAJIV and many years before the incorporation of ACC-Q-DATA NETWORK, LLC.

The Complaint provides no factual basis for the assertion of Defendants liability for negligent supervision. Without such support, no basis exists to find either Defendant to be a party to the contract between CMS and AQD and as such could not have acted negligently supervised in reference to CMS. Therefore, this claim should be dismissed with prejudice.

## XI.     COUNT 8: QUANTUM MERUIT

A quantum meruit action may lie "where there is no enforceable express or implied in fact contract but where the defendant has received something of value." Posely v. Eckerd Corp., 433 F. Supp. 2d 1287, 1314 (S.D. Fla. 2006). The Complaint argues AQD received

remuneration that normally it would not have been paid, if not for the alleged illegal agreements because CMS would not have been paid. Complaint ¶56–57. AQD was only paid by CMS in accordance with the signed agreement. The Complaint simply lists a series of statements with no factual basis or specific allegation.

The quantum meruit action should fail as an express agreement existed between CMS and ADQ, as stated by Plaintiff. No agreement existed between Plaintiff and Defendants, but Plaintiffs fail to allege any anything of value received by Defendants. The Complaint provides no factual basis for the assertion of Defendants liability for quantum meruit. Therefore, this claim should be dismissed with prejudice.

## XII.   CONCLUSION

For all the reasons set forth herein, Defendants, ACC-Q-DATA NETWORK, LLC. and SHAH RAJIV, respectfully request that this Court dismiss the Plaintiff's Amended Complaint, together with such other and further relief as the Court may deem just and proper.

Respectfully submitted,
July 16, 2016

Tracy Ann Nemerofsky
Fla. Bar No: 150215
tracy.falconpartners@gmail.com

Falcon Partners of Florida
321 Northlake Blvd. Ste. 214A
North Palm Beach, FL 33408
Telephone: 561-612-7035

ACC-Q-DATA NETWORK, SHAH RAJIV
Attorney for Defendant

## XIII. CERTIFICATE OF SERVICE

I **hereby certify** that on this date July 16, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Tracy Ann Nemerofsky
Filer

## XIV. SERVICE LIST

Jason W. Weiss, Esq.
Attorney for Plaintiff, COMPETITVE MEDICAL SOLUTIONS
jason@jslawyer.com
Weiss Law Group PA
5531 N. University Drive, Ste. 103
Coral Springs, FL  33067